UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

TERRELL A. MUSGROVE,

    Petitioner,

v.                                        Case No.  5:16cv15/WTH/CJK

JULIE L. JONES,

    Respondent.
_____/

REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed under 28 U.S.C. § 2254, with attachments. (Doc. 1). Respondent filed a response with relevant portions of the state court record. (Doc. 16). Petitioner did not reply, although invited to do so. (*See* Doc. 17). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration of all issues raised by petitioner, the undersigned concludes that no evidentiary hearing is required for the disposition of this matter. Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts. The undersigned further concludes that the pleadings and attachments before the court show that the petition is untimely and should be dismissed.

## BACKGROUND AND PROCEDURAL HISTORY

On February 26, 2009, petitioner was charged in Bay County Circuit Court Case Nos. 09-CF-43 and 09-CF-54,[1] with principal to armed robbery with a firearm (Count I) and aggravated fleeing or attempting to elude a law enforcement officer (Count II). (Doc. 16, Ex. C).[2] The charges arose from petitioner and his brother (David Musgrove) robbing, at gunpoint, the Peoples First Bank in Panama City Beach, Florida. Petitioner's role was driving the get-away car. When law enforcement officers attempted to stop petitioner's vehicle, petitioner fled and engaged the officers in a high speed chase for over 25 miles throughout Bay County, endangering the lives of several citizens and law enforcement officers along the way. (Ex. B (affidavit complaint); Ex. C (information); Ex. E, pp. 12-14 (stipulated factual basis for petitioner's plea); *see also* Ex. E, pp. 18-20 (testimony of Bay County Sheriff McKeithen at sentencing)). The armed robbery charge was a first degree felony punishable by up to life imprisonment. *See* Fla. Stat. § 812.13(1) and (2)(a). The aggravated fleeing charge was a second degree felony punishable by up to 15 years in prison. *See* Fla. Stat. §§ 316.1935(3)(a), and 775.082(3)(d).

---

[1] Case No. 09-CF-54 was later consolidated into Case No. 09-CF-43.

[2] All references to exhibits are to those provided at Doc. 16, unless otherwise noted.

*Case No. 5:16cv15/WTH/CJK*

On February 23, 2011, petitioner, represented by counsel, executed a Plea, Waiver and Consent form entering an open plea of no contest to both charges as charged. (Ex. D). The court conducted a plea colloquy, found the stipulated factual basis adequate to support the plea, and found petitioner's plea knowingly and voluntarily entered. (Ex. E, pp. 12-45). The court accepted petitioner's plea and sentenced him to 20 years in prison on Count I with a concurrent term of 15 years in prison on Count II. (*Id*.). Judgment and sentence was rendered February 23, 2011. (Ex. F). The face of the judgment sheet was amended on March 16, 2011, to correct the offense degree of Count I from "1F" to "1°/PBL". (Ex. G). Petitioner did not move to withdraw his plea, or file a direct appeal. (Ex. A; *see also* Doc. 1, p. 2).

On February 18, 2013, petitioner moved *pro se* for postconviction relief under Florida Rule of Criminal Procedure 3.850, raising five claims. (Ex. H). The state circuit court granted a limited evidentiary hearing and appointed counsel. (Ex. K). After hearing (Ex. L), the circuit court denied relief on all claims. (Ex. N). The First DCA summarily affirmed. *Musgrove v. State*, 177 So. 3d 611 (Fla. 1st DCA 2015) (Table) (copy at Ex. S). The mandate issued November 24, 2015. (*Id*.).

Petitioner filed his federal habeas petition on January 14, 2016. (Doc. 1). The petition raises one claim – that trial counsel was ineffective for failing to have petitioner evaluated for competency to enter a plea. (*Id*.). Petitioner recognizes that

his petition was not filed within the relevant one-year statute of limitations, 28 U.S.C. § 2244(d), and argues he is entitled to equitable tolling. (Doc. 1, p. 7 and Attach. B). Respondent asserts the petition is time-barred and, in any event, without merit. (Doc. 16).

## TIMELINESS OF PETITION

Because petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA governs this petition. *See Lindh v. Murphy*, 521 U.S. 320, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997). AEDPA establishes a 1-year period of limitation for a state prisoner to file a federal application for a writ of habeas corpus. *See* 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>   (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1). The limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending". 28 U.S.C. § 2244(d)(2).

Petitioner has not asserted that a State-created impediment to his filing a federal habeas petition existed, that he bases his claim on a right newly recognized by the United States Supreme Court, or that the facts supporting his claim could not have been discovered through the exercise of due diligence before his conviction became final. Accordingly, the statute of limitations is measured from the remaining trigger, which is the date on which petitioner's conviction became final. *See* 28 U.S.C. § 2244(d)(1).

Petitioner did not directly appeal from his conviction or sentence. Accordingly, the judgment became final for purposes of § 2244(d)(1)(A), on March 25, 2011, which is 30 days after rendition of the February 23, 2011, judgment. *See* Fla. R. App. P. 9.140(b)(3) (an appeal by a defendant in a criminal case is commenced by filing a notice of appeal "at any time between the rendition of a final judgment and 30 days following rendition of a written order imposing sentence."); *see also Gust v. State*, 535 So. 2d 642 (Fla. 1st DCA 1988) (holding that if a

defendant does not appeal his conviction or sentence, his judgment of conviction becomes final when the 30-day period for filing a direct appeal expires); *Gonzalez v. Thaler*, 565 U.S. 134, 149-150, 154, 132 S. Ct. 641, 181 L. Ed. 2d 619 (2012) (holding that "with respect to a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' under § 2244(d)(1)(A) when the time for seeking such review expires," and the prisoner is not entitled to the additional 90 days for seeking certiorari review in the United States Supreme Court).

The limitations period began to run the following day, March 26, 2011, and expired one year later on March 26, 2012. *San Martin v. McNeil*, 633 F.3d 1257, 1266 (11th Cir. 2011) ("AEDPA's one-year limitation period beings to run from the day after the day of the event that triggers the period (applying Fed. R. Civ. P. 6(a)(1))); *Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008) (holding that the limitations period should be calculated according to the "anniversary method," under which the limitations period expires on the one-year anniversary of the date it began to run). The limitations period was not statutorily tolled, because petitioner had no "properly filed application for State post-conviction or other collateral review" pending between March 26, 2011, and March 26, 2012. *See* 28 U.S.C. § 2244(d)(2).[3]

---

[3] Petitioner's Rule 3.850 motion filed on February 18, 2013, did not trigger the tolling benefit of § 2244(d)(2), because it was filed after the limitations period expired. *Hutchinson v. Florida*, 677 F.3d 1097, 1098 (11th Cir. 2012) ("In order for that § 2244(d)(2) statutory tolling to apply, the

*Case No. 5:16cv15/WTH/CJK*

Petitioner's federal habeas petition, filed almost four years later on January 14, 2016, is time-barred. Petitioner argues he is entitled to equitable tolling due to his "mental incompetence and other psychiatric, physical, or medical impairments." (Doc. 1, Attach. B, p. 3). Respondent contends that petitioner's allegations are conclusory, fail to establish an extraordinary circumstance, fail to establish a causal connection between any mental impairment and the untimely filing of his federal habeas petition, and fail to demonstrate diligence. (Doc. 16, pp. 6-10).

A federal habeas petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing" of his federal habeas petition. *Holland v. Florida*, 560 U.S. 631, 649, 130 S. Ct. 2549, 177 L. Ed. 2d 130 (2010) (internal quotation marks omitted); *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (holding that equitable tolling is available "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence"). "The burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner." *San Martin*, 633 F.3d at 1268 (*citing Drew v. Dep't of*

---

petitioner must file his state collateral petition before the one-year period for filing his federal habeas petition has run." (citations omitted)).

*Case No. 5:16cv15/WTH/CJK*

*Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002)). The petitioner must allege more than conclusory allegations, *see San Martin*, 633 F.3d at 1268, and must "show a causal connection between the alleged extraordinary circumstances and the late filing of the federal habeas petition." *Id.* at 1267.

"The 'extraordinary circumstances' standard applied in this circuit focuses on the circumstances surrounding the late filing of the habeas petition, rather than the circumstances surrounding the underlying conviction." *Jones v. United States*, 304 F.3d 1035, 1040 (11th Cir. 2002) (*quoting Helton v. Sec'y for Dep't of Corr.*, 259 F.3d 1310, 1314-15 (11th Cir. 2001)). Although the Eleventh Circuit has recognized that mental incapacity may provide a basis for equitable tolling, the petitioner must establish a "causal connection between his alleged mental incapacity and his ability to file a timely petition." *Lawrence v. Florida*, 421 F.3d 1221, 1226-27 (11th Cir. 2005), *aff'd*, 549 U.S. 327, 127 S. Ct. 1079, 166 L. Ed. 2d 924 (2007).

"The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Holland v. Florida*, 560 U.S. 631, 653, 130 S. Ct. 2549, 177 L. Ed. 2d 130 (2010) (citations and quotation marks omitted). "To establish diligence . . . the petitioner must present evidence showing reasonable efforts to timely file his action." *Dodd v. United States*, 365 F.3d 1273, 1282 (11th

Cir. 2004) (*citing Drew*, 297 F.3d at 1287-88). "[E]quity is not intended for those who sleep on their rights." *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010).

Petitioner's equitable tolling argument notes legal authority for the proposition that a *properly supported* claim of mental impairment *can* support a claim for equitable tolling, but petitioner does not support his own claim with specific facts. (*See* Doc. 1, Attach. B). Petitioner's wholly unelaborated allegation of "mental incompetence and other psychiatric, physical, or medical impairments" (*id.*, p. 3), does not enlighten this court, and does not satisfy the equitable tolling standard. *See Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009) ("[M]ental impairment is not *per se* a reason to toll a statute of limitations." (citation omitted)); *Lugo v. Sec'y, Fla. Dep't of Corr.*, 750 F.3d 1198, 1209 (11th Cir. 2014) ("[V]ague allegations about the existence of impediments, without more, or an argument that fails to explain how such impediments prevented the timely filing of the petition, does not establish extraordinary circumstances. Nor are they sufficient to warrant an evidentiary hearing." (citation omitted)); *see also Sheley v. Singletary*, 955 F.2d 1434, 1438 (11th Cir. 1992) (holding, in the context of competence to stand trial: "Treatment with anti-psychotic drugs does not *per se* render a defendant incompetent. . . ." (citation and quotation marks omitted)).

Petitioner's inadequate showing is not overcome by his lengthy, fact intensive argument (and medical evidence) supporting his habeas claim that counsel should have ordered a pre-plea competency evaluation, because petitioner offers no evidence or explanation showing that the alleged pre-plea health impairments prevented him from filing his federal habeas petition within the limitations period. (*See* Doc. 1, p 5 and Attach. A, C, D, E). The court, in an abundance of caution, reviewed the state court record and the arguments and documents supporting petitioner's underlying allegation of incompetence at the time of his plea,[4] but finds they do not make a colorable showing that petitioner's COPD and use of psychotropic medication for bipolar disorder constitutes exceptional circumstances that prevented him from timely filing his federal petition. Notably, although petitioner claims he was "over medicated" during his pre-trial confinement at the county jail and during his plea colloquy, he acknowledges that his medications "changed significantly" and were reduced (both the dosage and number of medications) once he entered the Department of Corrections, with favorable results.

---

[4] These documents consist of a drug screen and intake documents from the Bay County Jail in January 2009, (doc. 1, Attach. C); documentation of petitioner's medication while confined in the Bay County Jail in 2009, 2010, and the first two months of 2011 (doc. 1, Attach. D); a psychiatric follow-up sheet from the Department of Corrections completed in 2014, (*id*.); and a forensic evaluation of petitioner performed in 2014, "to assess whether or not the defendant's mental health issues and/or medications he was taking could have affected his frame of mind at the time of his original offenses and at the time of his eventual guilty plea", performed in connection with petitioner's Rule 3.850 evidentiary hearing (doc. 1, Attach. E).

(*See* Doc. 1, Attach. A, pp. 4-6).  Overall, petitioner's showing falls short of surmounting the "extraordinary circumstances" requirement for equitable tolling. *Compare Lawrence*, 421 F.3d at 1226-27 (holding that petitioner's allegations that his full-scale IQ was 81 and that he had "suffered from mental impairments his entire life" were insufficient to justify equitable tolling because they did not establish a "causal connection between his alleged mental incapacity and his ability to file a timely petition."), *with Hunter*, 587 F.3d at 1309-10 (concluding that an evidentiary hearing was necessary where petitioner's evidence of significant mental retardation and illiteracy, coupled with evidence that other people had to file legal pleadings for him because he was unable to "manage his affairs or understand his legal rights and act upon them", raised a factual issue as to whether his mental retardation affected his ability to timely file a federal habeas petition; considering a pre-plea evaluation of competency probative of the petitioner's ability to file a timely federal habeas petition following conviction, because the mental retardation was significant and irreversible (and, obviously, incapable of improvement with medication)).

Petitioner also fails to demonstrate that he diligently pursued his rights. Petitioner does not detail any effort he made to file his federal habeas petition on time.  Because petitioner has not satisfied his burden of proving circumstances

justifying the application of equitable tolling, his untimely petition should be dismissed.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. *See* 28 U.S.C. § 2254 Rule 11(b).

"[Section] 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (*quoting* 28 U.S.C. § 2253(c)). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis*, 580 U.S. —, 137 S. Ct. 759, 774, 197 L. Ed. 2d 1 (2017) (*quoting Miller-El*, 537 U.S. at 327). "When the district court denies a habeas petition on procedural grounds without

reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 1604, 146 L. Ed. 2d 542 (2000) (emphasis added). The petitioner here cannot make the requisite showing. Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1. That the petition for writ of habeas corpus (doc. 1), challenging petitioner's judgment and sentence in *State of Florida v. Terrell Allen Musgrove*, Bay County Circuit Court Case No. 09-CF-43, be DISMISSED WITH PREJUDICE.

2. That the clerk be directed to close the file.

3.  That a certificate of appealability be DENIED.

At Pensacola, Florida this 3rd day of October, 2017.

*/s/* *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.